UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

STACEY S.                                :
                                         :
v.                                       :     C.A. No. 18-00284-JJM
                                         :
NANCY A. BERRYHILL, Acting               :
Commissioner of the Social Security      :
Administration                           :

# REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

This matter is before the Court for judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Supplemental Security Income ("SSI") under the Social Security Act (the "Act"), 42 U.S.C. § 405(g). Plaintiff filed her Complaint on May 25, 2018 seeking to reverse the Decision of the Commissioner. On January 11, 2019, Plaintiff filed a Motion for Reversal of the Disability Determination of the Commissioner of Social Security. (ECF Doc. No. 13). On March 12, 2019, the Commissioner filed a Motion for an Order Affirming the Decision of the Commissioner. (ECF Doc. No. 16). Plaintiff filed a Reply on April 19, 2019. (ECF Doc. No. 19).

This matter has been referred to me for preliminary review, findings and recommended disposition. 28 U.S.C. § 636(b)(1)(B); LR Cv 72. Based upon my review of the record, the parties' submissions and independent research, I find that there is substantial evidence in this record to support the Commissioner's decision and findings that Plaintiff is not disabled within the meaning of the Act. Consequently, I recommend that Plaintiff's Motion for Reversal (ECF Doc. No. 13) be DENIED and that the Commissioner's Motion to Affirm (ECF Doc. No. 16) be GRANTED.

## I.     PROCEDURAL HISTORY

Plaintiff filed an application for SSI on May 1, 2015 alleging disability since January 1, 2014. (Tr. 163-172). The application was denied initially on October 16, 2015 (Tr. 81-91) and on

reconsideration on April 29, 2016 (Tr. 66-80) and June 29, 2016. (Tr. 93-108). Plaintiff requested an Administrative Hearing. On May 24, 2017, a hearing was held before Administrative Law Judge Tanya J. Garrian (the "ALJ") at which time Plaintiff, represented by counsel, and a Vocational Expert ("VE") appeared and testified. (Tr. 32-56). The ALJ issued an unfavorable decision to Plaintiff on July 26, 2017. (Tr. 12-31). The Appeals Council denied Plaintiff's request for review on March 29, 2018. (Tr. 1-6). Therefore, the ALJ's decision became final. A timely appeal was then filed with this Court.

## II. THE PARTIES' POSITIONS

Plaintiff argues that the ALJ failed to properly evaluate the medical opinion evidence, made an unsupported Step 2 determination that her mental impairments were not severe and made an erroneous credibility assessment.

The Commissioner disputes Plaintiff's claims and contends that the ALJ's Step 5 denial is supported by substantial evidence and must be affirmed.

## III. THE STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Ortiz v. Sec'y of HHS, 955 F.2d 765, 769 (1st Cir. 1991) (per curiam); Rodriguez v. Sec'y of HHS, 647 F.2d 218, 222 (1st Cir. 1981).

Where the Commissioner's decision is supported by substantial evidence, the court must affirm, even if the court would have reached a contrary result as finder of fact. Rodriguez Pagan v. Sec'y of HHS, 819 F.2d 1, 3 (1st Cir. 1987); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Frustaglia v. Sec'y of HHS, 829 F.2d 192, 195 (1st Cir. 1987); Parker v. Bowen, 793 F.2d 1177

(11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

The court must reverse the ALJ's decision on plenary review, however, if the ALJ applies incorrect law, or if the ALJ fails to provide the court with sufficient reasoning to determine that he or she properly applied the law. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam); accord Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Remand is unnecessary where all of the essential evidence was before the Appeals Council when it denied review, and the evidence establishes without any doubt that the claimant was disabled. Seavey v. Barnhart, 276 F.3d 1, 11 (1st Cir. 2001) citing, Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985).

The court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences. Seavey, 276 F.3d at 8. To remand under sentence four, the court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim. Id.; accord Brenem v. Harris, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

Where the court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow her to explain the basis for her decision. Freeman v. Barnhart, 274 F.3d 606, 609-610 (1st Cir. 2001). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (necessary for ALJ on remand to consider psychiatric report tendered to Appeals Council). After a sentence four remand, the court enters a final and appealable judgment immediately, and thus loses jurisdiction. Freeman, 274 F.3d at 610.

In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court...may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding;

42 U.S.C. § 405(g). To remand under sentence six, the claimant must establish: (1) that there is new, non-cumulative evidence; (2) that the evidence is material, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for failure to submit the evidence at the administrative level. See Jackson v. Chater, 99 F.3d 1086, 1090-1092 (11th Cir. 1996).

A sentence six remand may be warranted, even in the absence of an error by the Commissioner, if new, material evidence becomes available to the claimant. Id. With a sentence six remand, the parties must return to the court after remand to file modified findings of fact. Id. The court retains jurisdiction pending remand, and does not enter a final judgment until after the completion of remand proceedings. Id

**IV.    THE LAW**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1); 20 C.F.R. § 404.1505. The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511.

**A.    Treating Physicians**

Substantial weight should be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. See Rohrberg v. Apfel, 26 F. Supp. 2d 303, 311 (D. Mass. 1998); 20 C.F.R. § 404.1527(d). If a treating physician's opinion on the nature and severity of a

claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory. See Keating v. Sec'y of HHS, 848 F.2d 271, 275-276 (1st Cir. 1988).

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. See Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986). When a treating physician's opinion does not warrant controlling weight, the ALJ must nevertheless weigh the medical opinion based on the (1) length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the medical evidence supporting the opinion; (4) consistency with the record as a whole; (5) specialization in the medical conditions at issue; and (6) other factors which tend to support or contradict the opinion. 20 C.F.R § 404.1527(c). However, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion. See 20 C.F.R. § 404.1527(c)(2).

The ALJ is required to review all of the medical findings and other evidence that support a medical source's statement that a claimant is disabled. However, the ALJ is responsible for making the ultimate determination about whether a claimant meets the statutory definition of disability. 20 C.F.R. § 404.1527(e). The ALJ is not required to give any special significance to the status of a physician as treating or non-treating in weighing an opinion on whether the claimant meets a listed impairment, a claimant's residual functional capacity (see 20 C.F.R. §§ 404.1545 and 404.1546), or the application of vocational factors because that ultimate determination is the province of the Commissioner. 20 C.F.R. § 404.1527(e). See also Dudley v. Sec'y of HHS, 816 F.2d 792, 794 (1st Cir. 1987).

**B.     Developing the Record**

The ALJ has a duty to fully and fairly develop the record. Heggarty v. Sullivan, 947 F.2d 990, 997 (1st Cir. 1991). The Commissioner also has a duty to notify a claimant of the statutory right to retained counsel at the social security hearing, and to solicit a knowing and voluntary waiver of that right if counsel is not retained. See 42 U.S.C. § 406; Evangelista v. Sec'y of HHS, 826 F.2d 136, 142 (1st Cir. 1987). The obligation to fully and fairly develop the record exists if a claimant has waived the right to retained counsel, and even if the claimant is represented by counsel. Id. However, where an unrepresented claimant has not waived the right to retained counsel, the ALJ's obligation to develop a full and fair record rises to a special duty. See Heggarty, 947 F.2d at 997, citing Currier v. Sec'y of Health Educ. and Welfare, 612 F.2d 594, 598 (1st Cir. 1980).

**C.     Medical Tests and Examinations**

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled. 20 C.F.R. § 416.917; see also Conley v. Bowen, 781 F.2d 143, 146 (8th Cir. 1986). In fulfilling his duty to conduct a full and fair inquiry, the ALJ is not required to order a consultative examination unless the record establishes that such an examination is necessary to enable the ALJ to render an informed decision. Carrillo Marin v. Sec'y of HHS, 758 F.2d 14, 17 (1st Cir. 1985).

**D.     The Five-step Evaluation**

The ALJ must follow five steps in evaluating a claim of disability. See 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, she is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal

an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f). Significantly, the claimant bears the burden of proof at steps one through four, but the Commissioner bears the burden at step five. Wells v. Barnhart, 267 F. Supp. 2d 138, 144 (D. Mass. 2003) (five-step process applies to both SSDI and SSI claims).

In determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments, and must consider any medically severe combination of impairments throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B). Accordingly, the ALJ must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled. Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).

The claimant bears the ultimate burden of proving the existence of a disability as defined by the Social Security Act. Seavey, 276 F.3d at 5. The claimant must prove disability on or before the last day of her insured status for the purposes of disability benefits. Deblois v. Sec'y of HHS, 686 F.2d 76 (1st Cir. 1982), 42 U.S.C. §§ 416(i)(3), 423(a), (c). If a claimant becomes disabled after she has lost insured status, her claim for disability benefits must be denied despite her disability. Id.

**E.     Other Work**

Once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy. Seavey, 276 F.3d at 5. In determining whether the Commissioner has met this burden, the ALJ

must develop a full record regarding the vocational opportunities available to a claimant. Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989). This burden may sometimes be met through exclusive reliance on the Medical-Vocational Guidelines (the "grids"). Seavey, 276 F.3d at 5. Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant non-exertional factors. Id.; see also Heckler v. Campbell, 461 U.S. 458 (1983) (exclusive reliance on the grids is appropriate in cases involving only exertional impairments, impairments which place limits on an individual's ability to meet job strength requirements).

Exclusive reliance is not appropriate when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills. Nguyen, 172 F.3d at 36. In almost all of such cases, the Commissioner's burden can be met only through the use of a vocational expert. Heggarty, 947 F.2d at 996. It is only when the claimant can clearly do unlimited types of work at a given residual functional level that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy. See Ferguson v. Schweiker, 641 F.2d 243, 248 (5th Cir. 1981). In any event, the ALJ must make a specific finding as to whether the non-exertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations.

### 1. Pain

"Pain can constitute a significant non-exertional impairment." Nguyen, 172 F.3d at 36. Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g., medical signs and laboratory findings) showing the existence of a medical impairment which could reasonably be expected to produce the pain or symptoms alleged. 42 U.S.C. § 423(d)(5)(A). The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical

evidence. 20 C.F.R. § 404.1528. In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the First Circuit's six-part pain analysis and consider the following factors:

>   (1)   The nature, location, onset, duration, frequency, radiation, and intensity of any pain;
>
>   (2)   Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);
>
>   (3)   Type, dosage, effectiveness, and adverse side-effects of any pain medication;
>
>   (4)   Treatment, other than medication, for relief of pain;
>
>   (5)   Functional restrictions; and
>
>   (6)   The claimant's daily activities.

Avery v. Sec'y of HHS, 797 F.2d 19, 29 (1st Cir. 1986). An individual's statement as to pain is not, by itself, conclusive of disability. 42 U.S.C. § 423(d)(5)(A).

### 2.  Credibility

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. Rohrberg, 26 F. Supp. 2d at 309. A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. See Frustaglia, 829 F.2d at 195. The failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true. See DaRosa v. Sec'y of Health and Human Servs., 803 F.2d 24 (1st Cir. 1986).

A lack of a sufficiently explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case. See Smallwood v. Schweiker, 681 F.2d 1349, 1352 (11th Cir. 1982). If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "the ALJ must either explicitly discredit such testimony or the implication must be so

clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995) (quoting Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983)).

V.      APPLICATION AND ANALYSIS

A.      The ALJ's Decision

The ALJ decided this case adverse to Plaintiff at Step 5. At Step 2, the ALJ found that Plaintiff had the severe impairments of diabetes mellitus and peripheral neuropathy. (Tr. 18). However, the ALJ also found that Plaintiff did not have any severe mental impairments. Id. None of Plaintiff's impairments met or medically equaled an impairment in the listing of impairments. (Tr. 19). See generally 20 C.F.R. pt. 404, subpt. P, app. 1. Next, the ALJ found that Plaintiff had the RFC to "perform sedentary work as defined in 20 [C.F.R. §] 416.967(a) except [Plaintiff] can never climb ladders, ropes or scaffolds, and only occasionally climb ramps and stairs. [Plaintiff] can occasionally balance, stoop, kneel, crouch and crawl. [Plaintiff] should avoid concentrated exposure to extreme cold, extreme heat, wetness, humidity, and work hazards." (Tr. 19; see Tr. 19-24). The ALJ determined at Step 4 that Plaintiff had no past relevant work. (Tr. 24). However, relying on the testimony of the vocational expert, the ALJ found at Step 5 that Plaintiff could perform unskilled, sedentary jobs that exist in significant numbers in the national economy. (Tr. 25). Accordingly, the ALJ found Plaintiff not disabled. Id.

B.      Substantial Evidence Supports the ALJ's Evaluation of the Medical Opinions

As an initial matter, the Commissioner concedes that the ALJ erred by not expressly weighing the November 2, 2016 opinion of Ms. Jankowski, a treating psychiatric nurse. However, she contends that the error is harmless on this record and does not support a remand. The Court agrees.

As a psychiatric nurse, Ms. Jankowski is not an "acceptable medical source" as defined in the Regulations, but is an "other medical source" whose opinions should be evaluated in accord with SSR 06-3p. The opinion in issue was rendered on November 2, 2016. (Exh. 25F). It provides that Ms. Jankowski

had been treating Plaintiff since February 25, 2016 with a diagnosis of "MDD, rec moderate," (i.e., major depressive disorder, recurrent, moderate). (Tr. 544). The ALJ and Plaintiff's counsel discussed Ms. Jankowski's opinion at the hearing, including the absence of supporting treatment notes. (Tr. 37, 55). Plaintiff's counsel explained why the notes were missing and was given an opportunity to submit them after the hearing. Id. He did not submit them. (Tr. 15). The ALJ's statements at the hearing make clear that she was aware of Ms. Jankowski's opinion and expressed concern that it was unsupported by treatment notes. Thus, it is reasonable to conclude that the ALJ would have afforded limited weight, if any, to the opinion since the supporting treatment notes were not submitted. It is also reasonable to infer the ALJ's negative treatment of Ms. Jankowski's opinion from her negative treatment of Dr. Kwetkowski's mental RFC opinion. (Tr. 23; Exh. 28F). Both opinions are lacking in narrative explanation and inconsistent with Plaintiff's routinely normal mental status exams.

Further, the state agency reviewing psychologists were plainly aware of Plaintiff's diagnosis of major depressive disorder and uniformly concluded that she did not have any "severe" mental impairment. (Exh. 3A). They reviewed treatment notes of both Dr. Kwetkowski and Ms. Jankowski, including the most recent (May 2016) treatment note of Ms. Jankowski contained in the record. (Tr. 99, 449-452). In addition, they reviewed the consultative report of Dr. Dragone-Hyde (Exh. 9F) who indicated that Plaintiff "appears to be overall mildly impaired with regard to any daily task/responsibility or social activity at this time." (Tr. 341). The ALJ gave Dr. Dragone-Hyde's opinion "significant weight." (Tr. 21). Based on this record, Plaintiff has failed to demonstrate any harmful error arising out of the ALJ's failure to expressly evaluate Ms. Jankowski's opinion.

Plaintiff also takes issue with the ALJ's evaluation of Dr. Kwetkowski's opinions. The ALJ gave such opinions "modest weight" in connection with assessing an RFC for only a limited range of sedentary work. (Tr. 19, 22-23). The ALJ provided good reasons for her decision to partially discount the weight

given to Dr. Kwetkowski's opinions and, since such reasons are supported by the record, the ALJ's evaluation is entitled to deference. (See 20 C.F.R. ¶ 416.927(c)). For instance, the ALJ accurately noted the inconsistencies between Plaintiff's statements about her limitations and the extreme limitations on sitting, standing and walking included in Dr. Kwetkowski's opinion. (Tr. 23, 587). In addition, the ALJ accurately noted that Dr. Kwetkowski failed to offer any explanation for the limitations she imposed, (Tr. 23), and that her opinions as to Plaintiff's ability to maintain attention and concentration were internally contradictory. (Tr. 23, 583, 586). Finally, the ALJ reasonably concluded that the treatment notes of record did not support the significant limitations outlined in Dr. Kwetkowski's opinions, except to the extent they supported the limited sedentary RFC assessed by the ALJ.

### C. The ALJ Did Not Rely on "Outdated" State Agency Reviewing Opinions

Plaintiff faults the ALJ for accepting the state agency psychologist opinions that her mental impairments were not "severe." She argues that the state agency opinions were "stale" and not based on the record as a whole by the time of the ALJ hearing. (ECF Doc. No. 13-1 at p. 27).

Since the state agency opinions are always rendered at the front-end of the review process, there is necessarily a passage of time between those opinions and the ALJ's decision. Thus, the caselaw requires evidence of a "sustained (and material) worsening" of a claimant's mental and/or physical condition after the state agency opinions are rendered to cause them to be stale and outdated. See, e.g., Phan v. Colvin, C.A. No. 13-650L, 2014 WL 5847557, at *15 (D.R.I. Nov. 12, 2014). Plaintiff has not met that burden here. For instance, Plaintiff points to a note from an August 12, 2016 office visit with Dr. Kwetkowski as evidence of worsening of condition in which she reported a period of "feeling down, depressed or hopeless" with "little interest or pleasure in doing things." (Tr. 558). These are common symptoms of depression, and the record contains a prior diagnosis of major depressive disorder, and Plaintiff reported to Dr. Dragone-Hyde that she suffered from episodic depression for most of her adult life. (Tr. 341, 386). Also, Dr. Kwetkowski noted nearly identical symptoms to those noted on August 12, 2016 in a

treatment note dated November 16, 2015. (Tr. 386-388). Also, in the same report, Dr. Kwetkowski assessed her psychiatric status as "normal" with "appropriate mood and affect." (Tr. 388). These and other similar treatment records were reviewed by the state agency psychologists. (Tr. 95-98). Thus, it was not error for the ALJ to rely on those state agency opinions.

### D. Plaintiff Has Shown No Step 2 Error

At Step 2, the ALJ concluded that Plaintiff's depression and anxiety did not cause more than minimal limitation in her ability to perform basic mental work activities and were thus "nonsevere" within the meaning of 20 C.F.R. ¶ 416.920(c). (Tr. 18). Plaintiff argues that this was a "factually and legally incorrect" finding. (ECF Doc. No. 13-1 at p. 27). She contends that the ALJ's Step 2 determination was based "entirely upon outdated and uninformed reviewing source opinions." Id. at p. 28.

Initially, as discussed previously, Plaintiff has not shown that the state agency opinions are "outdated and uninformed." Thus, such opinions constitute substantial evidence in support of the ALJ's Step 2 finding. However, the ALJ did not base her finding "entirely" on those opinions as argued. She also appropriately evaluated Dr. Dragone-Hyde's consultative report, Dr. Kwetkowski's opinions and Plaintiff's statements in her function report. (Tr. 18-19, 23-24). For instance, the ALJ accurately noted that Dr. Dragone-Hyde found on examination that Plaintiff's concentration and ability to focus and follow directions was good, and her thought processes were organized. (Tr. 18, 342). The ALJ also accurately noted that Plaintiff reported to Dr. Dragone-Hyde that she was paid in cash to watch her friend's two-year old child three days a week. (Tr. 19, 340-341).

As to the state agency opinions, they uniformly concluded that Plaintiff had no more than mild limitations in the relevant functional areas. In fact, it appears that four reviewing psychologists looked at the records at various times between September 10, 2015 and June 28, 2016 and all found no severe mental impairments. (Tr. 86, 100, 102, 103). Plaintiff has shown no Step 2 error on this record.

### E. The ALJ's Credibility Determination is Supported by Substantial Evidence

Plaintiff argues that the ALJ employed the wrong burden of proof and improperly required that her statements concerning her symptoms and limitations be "entirely consistent." (ECF Doc. No. 13-1 at p. 31). Plaintiff misinterprets the ALJ's reasoning.

The ALJ recognized that Plaintiff's medically determinable impairments could produce the alleged symptoms but that Plaintiff's statements regarding the extent of her symptoms was "not entirely consistent" with the medical and other evidence in the record. The ALJ did not require absolute consistency as argued by Plaintiff. In fact, the ALJ concluded that Plaintiff could only perform a limited range of sedentary work. (Tr. 19). Consistent with SSR 16-3p, the ALJ considered both the consistency with the medical evidence of record as well as Plaintiff's testimony, and her reported daily activities. (Tr. 20-24; see also Exhs. 5E and 9F). Plaintiff has shown no error.

**CONCLUSION**

For the reasons discussed herein, I recommend that Plaintiff's Motion for Reversal (ECF Doc. No. 13) be DENIED and that the Commissioner's Motion to Affirm (ECF Doc. No. 16) be GRANTED. I further recommend that Final Judgment enter in favor of Defendant.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
June 18, 2019